[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-15503
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 8, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-20373-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW BLAKE,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

(November 8, 2005)

Before EDMONDSON, Chief Judge, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Andrew Blake appeals his 121-month sentences, pursuant to his guilty plea, for conspiracy to possess with intent to distribute heroin, 21 U.S.C. § 846, and possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

At the guilty plea hearing, the government proffered a factual basis for the offenses as follows. Blake had given a co-conspirator, who later became a confidential source (CS), approximately two kilograms of heroin. Blake told the CS to transport the heroin from Miami Beach to New York City. The CS was stopped in Georgia for a traffic violation while en route to New York; law enforcement discovered the heroin in a secret compartment in the CS's vehicle. The CS named Blake as the source of the heroin. The CS made a recorded call to Blake and told him that his vehicle had broken down and had been impounded. The government indicated that Blake told the CS that he, Blake, was "out $100,000 if the heroin was lost." Blake offered to hire a lawyer for the CS. When Blake met the CS to give him money to retrieve the vehicle from impound, Blake was arrested. Blake told the district court that the government's proffer was an accurate statement of what had occurred and that he did not disagree with the factual proffer.

The probation officer recommended a two-level leadership increase, under U.S.S.G. § 3B1.1(c). The presentence investigation report included Blake's acceptance of responsibility statement, in which Blake stated, "I acknowledge having involved myself in a drug transaction by arranging for the transportation of approximately two kilograms of heroin from Miami, Florida to New York. I am was [sic] the one that recruited [the CS], the person that took possession of the heroin . . ."

Before sentencing, Blake requested, under Brady v. Maryland, 83 S.Ct. 1194 (1963), Kyles v. Whitley, 115 S.Ct. 1555 (1995), and Napue v. Illinois, 79 S.Ct. 1173 (1959), production of government materials on the CS because the CS was the exclusive source of information about the underlying facts of the offense. Blake objected that the leadership enhancement violated his Fifth and Sixth Amendment rights under Blakely v. Washington, 124 S.Ct. 2531 (2004). Blake also objected to the use of his agreement with the government's factual proffer as a basis for the leadership enhancement. The district court overruled his objections and denied as moot the request for Brady material based on the government's representation that it had produced all the material in its possession.

Blake argues on appeal that we should vacate and remand his sentence in the light of United States v. Booker, 125 S.Ct. 738 (2005).[1] We review this issue de novo; we will reverse unless the government shows that any error was harmless. See United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005).

No Sixth Amendment violation occurred here. We have stated that a defendant's Sixth Amendment rights are not violated under Booker when the defendant's sentencing enhancements are based either on prior convictions or on facts admitted by the defendant. See United States v. Shelton, 400 F.3d 1325, 1329-30 (11th Cir. 2005). Blake agreed to the government's factual proffer at the guilty plea hearing, and the district court based the leadership enhancement on the factual proffer and on Blake's acceptance of responsibility statement.

But the district court did commit a statutory error under Booker by sentencing Blake under a mandatory guidelines scheme. See id. at 1330-31. Booker statutory errors are subject to a less demanding harmless error test applicable to non-constitutional errors. See United States v. Mathenia, 409

---

[1]To the extent that Blake in his reply brief challenges the district court's determination that the facts set out in the government's proffer and in Blake's responsibility statement support the leadership role enhancement, he abandoned this issue by failing to raise it in his initial appellate brief. See United States v. Day, 405 F.3d 1293, 1294 n.1 (11th Cir. 2005) (stating that issues not timely raised in initial brief are deemed waived or abandoned).

F.3d 1289, 1292 (11th Cir. 2005).  That standard requires us to determine whether the error either did not affect the sentence or only had a slight effect.  Id.

"The non-constitutional harmless error standard is not easy for the government to meet."  Id.  But here, the government has met its burden.   After overruling Blake's Blakely objection, the district court stated that it would have imposed the same sentence even if the guidelines were deemed unconstitutional. See Mathenia, 409 F.3d at 1292.  The government has shown beyond a reasonable doubt that the Booker statutory error--the application of the guidelines in a mandatory fashion--did not effect, or had only a slight effect, on Blake's sentence.[2]

Blake next argues that the district court erred by relying on his agreement with the government's factual proffer at the guilty plea hearing to discharge the government's burden of proof on the leadership enhancement.  Citing United States v. Mitchell, 119 S.Ct. 1307 (1998), Blake contends that his guilty plea did not result in a waiver of his privilege against self-incrimination.

_____

[2]We reject Blake's contention that he was "precluded from focusing on the new criteria" announced by Booker: the sentencing factors set out in 18 U.S.C. § 3553(a)(2). Even before Booker, district courts were required to consider § 3553(a) when fashioning a proper sentence. See 18 U.S.C. § 3553(a).

We review de novo rulings on a defendant's invocation of his privilege against self-incrimination. United States v. Hernandez, 141 F.3d 1042, 1049 (11th Cir. 1998). And we reject Blake's argument. First, we have determined that, in sentencing a defendant, a district court may rely on facts the defendant admits during the plea colloquy. See Shelton, 400 F.3d at 1330. Also, Mitchell does not support Blake's argument. The Supreme Court determined in Mitchell that a guilty plea does not constitute a waiver of the privilege against self-incrimination at sentencing and that a sentencing court may not draw an adverse inference from a defendant's silence. 119 S.Ct. at 1309. But the Court also stated that "once the plea has been accepted, statements or admissions made during the preceeding plea colloquy are later admissible against the defendant, as is the plea itself." Id. at 1313. The district court committed no error in using Blake's agreement with the factual proffer at the plea hearing when the court imposed the leadership enhancement.

Blake argues last that the district court erred in denying his request for Brady/Kyles material, about the CS's credibility and about the information that the CS provided, that Blake wished to use at sentencing. We review alleged Brady violations de novo. United States v. Schlei, 122 F.3d 944, 989 (11th Cir. 1997). Among other things, a defendant seeking reversal of his conviction based on an

alleged <u>Brady</u> violation must establish "that had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different." <u>Id.</u>

Blake agreed to the government's factual proffer at the guilty plea hearing and provided an acceptance-of-responsibility statement. The district court relied on this evidence--Blake's own statements and admissions--in imposing the leadership enhancement. Even if the government had possessed and produced material about the CS that Blake requested, we cannot say a reasonable probability existed that this material would have helped Blake in challenging the leadership role enhancement.

In sum, we reject Blake's arguments and affirm his sentences.

AFFIRMED.